IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMONT SMITH,

Plaintiff,

v.

THOMAS DART, SHERIFF, et. al,

Defendants.

Case No. 20-cv-1381

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Lamont Smith, a prisoner at Cook County Department of Corrections, alleges that despite his requests for accommodation, Defendants have not allowed him to use his CPAP machine for his sleep apnea in violation of his rights under the Americans with Disabilities Act (ADA). Sheriff Thomas Dart and Cook County (Defendants) have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court denies the Rule 12(b)(6) motions [10] and [19].

### I.  Background

Smith was processed into the Cook County Department of Corrections (CCDOC) on November 20, 2018. (Complaint, Dkt. 1 ¶ 2).[1] Smith suffers from sleep apnea, a condition which substantially limits his ability to sleep. (*Id.* ¶ 5). In order to sleep, Smith must have a CPAP machine and access to an electrical outlet to power the

---

[1] The Court permitted Smith to file a Supplement (Dkt. 17) to his original complaint (Dkt. 1). Based on the supplemental filing, Defendants were permitted to supplement their motion to dismiss. (*see* Dkt. 16).

1

device. (*Id.* ¶ 6). When Smith sleeps without the benefit of the CPAP machine he experiences shortness of breath. (*Id.* ¶ 8). Smith's initial complaint alleged that Defendants did not permit him to use his CPAP machine from approximately 8:20 am until 9:20 pm. (*Id.* ¶ 7). In his supplement, Smith alleges that after filing his original complaint, his CPAP machine was taken away by employees at CCDOC (Suppl. Compl., Dkt. 17 ¶ 1). Without the CPAP machine, Smith is unable to sleep on a basis equal to that of non-disabled inmates. (*Id.* ¶ 2). He experiences shortness of breath and stops breathing during times he attempts to sleep because defendants do not provide a CPAP machine. (*Id.*).

Based on these allegations, Smith claims Defendants have violated his rights under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132.[2]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all

---

[2] This case is related to case nos. 20-cv-01459 and 20-cv-02629. (*see* Dkt. 23).

permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

## III.    Analysis

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants argue that dismissal with prejudice is warranted because Smith is not a qualified individual with a disability, has not been denied a program, service or activity, does not allege any physical injury for purposes of the Prisoner Litigation Reform Act (PLRA), and is not entitled to injunctive relief. The Court addresses each argument in turn.

### A. Qualified individual with a disability

Defendants first contend that Smith failed to allege that he is a qualified individual with a disability. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1).

Defendants acknowledge that sleeping is a major life activity[3] but argue that sleep apnea is not a disability under the ADA. To support their argument, Defendants rely on out-of-circuit summary judgment cases that did not involve sleep apnea. *Anderson v. Discovery Commc'ns, LLC*, 517 F. App'x 190 (4th Cir. 2013), as amended (May 3, 2013); *Ramage v. Rescot Sys. Grp., Inc.*, 834 F. Supp. 2d 309 (E.D. Pa. 2011) (plaintiff did not provide enough evidence that her difficulties sleeping showed substantial limitation in sleeping).[4] Defendants concede that these cases involve "courts weigh[ing] evidence." (Dkt. 29 at 3). Moreover, in *Ramage*, the court cited *Peter v. Lincoln Tech. Inst., Inc.*, 255 F. Supp. 2d 417 (E.D. Pa. 2002) in which the court found plaintiff *did* create an issue of fact about whether her sleep apnea substantially

---

[3] Major life activities are "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2.

[4] In their motion, supplemental motion and reply brief (Dkt. 10 at 4, Dkt. 19 at 2, Dkt. 29 at 3), Defendants maintain that "the *Ramage* court found that sleep apnea does not constitute a substantial impairment to qualify as a disability under the ADA." Even assuming that case is binding on this court, which it is not, Defendants overstate its holding. Plaintiff in *Ramage* did *not* have sleep apnea. And the *Ramage* court did *not* find as a matter of law that sleep apnea is not a disability under the ADA. Rather, the court, on review of the record, did not find evidence supporting plaintiff's claim that her difficulty sleeping was severe enough to substantially impair her ability to sleep. 834 F. Supp. 2d at 320-21.

impaired her ability sleep, and recognized that the "ADA requires an individualized, case-by-case approach to evaluating whether a plaintiff's impairment is severe enough to constitute a disability." *Id.* at 431, 434. The Seventh Circuit has similarly stated that the question of whether an individual is disabled is "an individualized one, and must be determined on a case-by-case basis." *DePaoli v. Abbott Labs.*, 140 F.3d 668, 672 (7th Cir. 1998) (internal citation and quotations omitted); *see also* 29 C.F.R. § 1630.2(j) ("The determination of whether an impairment substantially limits a major life activity requires an individualized assessment"). The Seventh Circuit also acknowledged, in a Section 1983 case, that "sleep apnea can result in death." *Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 423 (7th Cir. 2017).

Accordingly, Smith has plausibly alleged that he is qualified individual with a disability, and further factual development will reveal the extent to which his condition limits one or more major life activities.[5] Therefore the Court declines Defendants' invitation to find as a matter of law at this early stage that Smith's sleep apnea does not qualify him as an individual with a disability.

### B. Denial of the benefit of a service, program, or activity

Defendants argue that Smith's complaint should be dismissed because sleeping is not a program or activity of the public entity under the ADA. Defendants rely on *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996). However, courts in this district have distinguished that case. In *Simmons v. Godinez*, 2017 WL 3568408 (N.D. Ill. Aug. 16, 2017), the court relied on *United States v. Georgia*, 546 U.S. 151 (2006), which was

---

[5] For this reason, the Court need not address Defendants' alternative argument at this time that Smith is not "regarded as" having such an impairment.

5

decided after *Bryant* and in which the Supreme Court explained that "the alleged deliberate refusal of prison officials to accommodate [plaintiff's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclu[sion] from participation in or ... deni[al of] the benefits of' the prison's 'services, programs, or activities.'" 546 U.S. at 157. Defendants reference *Simmons* in their reply brief, but do not acknowledge that the court there specifically rejected IDOC's argument that sleeping is not an activity or program under the ADA or Rehabilitation Act, and held that "[b]ecause Plaintiff sufficiently alleges that Wexford and IDOC failed to take steps that would allow Plaintiff to access a bed...the Court finds that Plaintiff has stated a plausible claim under the ADA and Rehabilitation Act at this early stage." *Simmons*, 2017 WL 3568408, at *6.

In another case, *Paine ex re. Eilman v. Johnson*, 2010 WL 785397, at *8 (N.D. Ill. Feb. 26, 2010), the court noted that the *Bryant* plaintiffs alleged poor treatment or medical malpractice, *not* failure to reasonably accommodate, and "[v]iolations of a public entity's duty to accommodate disabilities can provide a basis for liability under Title II of the ADA." Moreover, since *Bryant*, the Seventh Circuit has recognized, for example, outdoor recreation and meals and showers as programs or activities at a prison under the Rehabilitation Act. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).[6]

[6] In addition, Defendants' reliance on *Harper v. Dart* for support is not convincing. First, *Harper* did not involve sleep apnea. Second, the *Harper* court was clear that plaintiff there "[came] close, but fail[ed], to state a claim under the ADA and the Rehabilitation Act" and "it would not have taken much to adequately allege a failure to provide equal access." 2015 WL

Defendants assert that Smith does not claim that they have prevented him from sleeping during the designated time that all detainees are permitted to sleep. (Dkt. 19 at 3). But Smith's claim is not about being permitted a "designated time" to sleep; it is about not being able to sleep because Defendants failed to provide him with a needed accommodation. He alleges that he "is unable to sleep on a basis equal to that of non-disabled inmates [and] experiences shortness of breath and stops breathing during times he attempts to sleep because defendants do not provide a C-PAP machine." (Suppl. Compl. ¶2).

Here, unlike in *Bryant*, Smith does not bring a disguised medical malpractice or inadequate medical treatment case. Rather he alleges a failure to accommodate his sleep-related disability, giving rise to the permissible inference that such failure constituted a denial of the benefits of the prison's services, programs, or activities. That is sufficient at this pleading stage.

### C. By reason of his disability

Defendants next argue that Smith fails to plead denial or discrimination by reason of his alleged disability because he does not allege why Defendants removed his CPAP machine. First, Defendants' cases are not convincing because they involve deliberate

---

6407577, at *4 (N.D. Ill. Oct. 21, 2015). Because plaintiff there merely alleged he had "'great difficulty' showering, toileting, and getting into bed", the court found "[t]hose two words alone do not explain how [plaintiff] was denied equal access." *Id*. Here Smith's complaint alleges more than that. He alleges that in order to sleep he must have a CPAP machine and access to an electrical outlet to power the device. (Compl. ¶6). When he sleeps without the benefit of the CPAP machine it is dangerous and he experiences shortness of breath. (*Id*. ¶¶8, 9). The CPAP machine was taken away by Defendants, and as a result Smith experiences shortness of breath and stops breathing during times he attempts to sleep, making him unable to sleep on a basis equal to that of non-disabled inmates. (Suppl. Compl. ¶¶1-2). These allegations meet the threshold pleading requirement.

indifference claims decided on summary judgment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *Harrison v. Cty. of Cook*, 2011 WL 4036115 (N.D. Ill. Sept. 12, 2011). (Defendants also cite to *Bryant* and *Harper* again but those cases are distinguishable for the reasons already discussed).

Second, although Defendants may have had a good reason for removing the CPAP machine, at the pleading stage, the Court takes Smith's allegations as true that he was denied accommodation for his disability and as a result was unable to sleep on a basis equal to that of non-disabled inmates. (Compl., ¶¶ 10-11; Suppl. Compl. ¶2). Deciding or accepting Defendants' reason for removing the machine at this stage would be inappropriate. *See Fortres Grand,* 763 F.3d at 700; *see also Boyce v. Martella*, 2014 WL 4947681, at *3 (N.D. Ill. Oct. 1, 2014) (court cannot resolve factual disputes on motion to dismiss).

### D. Prisoner Litigation Reform Act (PLRA)

Defendants contend that Smith does not meet the PLRA standard for a more than *de minimus* physical injury because Smith merely alleges that sleeping without a CPAP machine causes him shortness of breath which is not a physical injury. In addition to shortness of breath, however, Smith alleges that he *stops breathing* and is unable to sleep. And the case law cited by Defendants does not support their specific contention here. By contrast, in *Love v. Godinez*, 2018 WL 2096375, at *4 (N.D. Ill. May 7, 2018), for example, the court held that plaintiff set forth a sufficient showing on summary judgment that he suffered a physical injury from sleep deprivation for purposes of the PLRA. And in *Gurley v. Sheahan*, 2009 WL 2178685 (N.D. Ill. July

21, 2009), the court explained that it could "think of no reason why sleep deprivation and headaches would not constitute physical injury." *Id*. at *7. *See also Orlowski*, 872 F.3d at 423 (recognizing sleep apnea can result in death).

Accordingly Smith's allegations give rise to a plausible inference that he suffered *de minimus* physical injury in order to survive Defendants' motion to dismiss.

### E. Injunctive Relief

Finally, Defendants argue that Smith fails to state facts sufficient to entitle him to injunctive relief. Defendants again focus on Smith's "shortness of breath" and contend he has not specifically alleged a time he "suffered an injury." However, drawing permissible inferences in Smith's favor as it must at this point, the Court finds that Smith has plausibly alleged injury: in addition to shortness of breath he alleges that without the CPAP machine, his sleep-related condition caused him to *stop breathing* and therefore to be *unable to sleep*. For similar reasons to the reasoning discussed related to *de minimus* physical injury, Smith has made a sufficient showing of injury at this pleading stage.

## IV. Conclusion

For the stated reasons, Defendants' motions to dismiss [10, 19] are denied.

E N T E R:

Dated: December 10, 2020

MARY M. ROWLAND
United States District Judge